**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** | **Chapter 7** |
| **GEORGE LOUIS SCHALL,** | **Case No. 18-62589-pmb** |
| Debtor. | |
| **JENNIFER HOTZ SCHALL,** | **ADVERSARY PROCEEDING** |
| Plaintiff, | **No. ___** |
| v. | |
| **GEORGE LOUIS SCHALL,** | |
| Defendant. | |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

COMES NOW Jennifer Hotz Schall ("Plaintiff"), by and through her undersigned counsel of record and files this Complaint, and in support hereof, respectfully shows as follows:

1.     On July 31, 2018, George Louis Schall ("Debtor" or "Defendant") filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code").

2.     This Court has jurisdiction over this case and Adversary Proceeding under 28 U.S.C. § 1334(b) and § 157(b), as well as under Bankruptcy Code § 523. This Adversary Proceeding represents a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**Facts**

3.     The Plaintiff and Defendant were formerly married and were divorced on June 13, 2012. Pursuant to such divorce action, the Superior Court of Fulton County entered a certain "Final Judgment and Decree of Divorce," dated June 13, 2012 (the "Judgment"), which

incorporates that certain Settlement Agreement between the parties dated May 18, 2012 and regarding support and other obligations. On August 13, 2012, the court entered a Consent Order Amending the Settlement Agreement (the "Agreement" as amended or modified).

4.      The Judgment and Agreement provide that Defendant is responsible to provide Plaintiff with a number of domestic support obligations including, but not limited to, the following:

(A) Page 6, §(i) *Payment of College Education Expenses*, of the Agreement requires Defendant to pay Plaintiff and Defendant's child's college expenses.

(B) Page 7, §(j) *Purchase of Car for Minor Child,* of the Agreement required Defendant to purchase a car for their child and that Plaintiff shall have no financial obligation towards such purchase.

(C) Page 14, *Equitable Division of Property – Debts* of the Agreement provides that Defendant shall pay and satisfy the student loan debt maintained in Plaintiff's name as he is able to do so, so long as all minimum payment requirements are met.

(D) Page 11, *Equitable Division of Property – Cash Payments to Wife,* of the Agreement provides that Plaintiff is entitled to payments totaling $1,308,000.00.  The payment scheduled was modified in the Consent Order and Defendant was ordered to make monthly payments of $10,000.00 with scheduled lump sum payments of $100,000.00.

5.      All of the domestic support obligations of the Defendant to the Plaintiff as incorporated into the Judgment and Agreement including, but not limited to, those enumerated above, are hereinafter referred to as the "Obligations."

6.      Defendant is in default under the Judgment and Agreement and has outstanding and continuing Obligations under the Judgment and Agreement.

7.      Defendant has failed and refused to make the $100,000.00 lump sum payment due December 15, 2015, and elected to pay only $55,000.00 instead of the $100,000.00 due under the Agreement, including pursuant to Page 11, *Equitable Division of Property – Cash Payments to Wife*.

8.      Defendant has ceased making the $10,000.00 monthly payments.  The last monthly payment received by Plaintiff was on November 22, 2017 despite additional monthly amounts being due under the Agreement, including pursuant to Page 11, *Equitable Division of Property – Cash Payments to Wife*.

9.      Defendant has failed to pay the parties' child's college expenses as required under the Agreement, including pursuant to Page 6, §(i) *Payment of College Education Expenses,* which Plaintiff has therefore had to pay.

10.      Defendant has failed to provide title to the vehicle that child drives to child, has failed to pay the loan secured by the vehicle child drives and has failed to maintain insurance on the vehicle all as required under the Agreement, including pursuant to Page 7, §(j) *Purchase of Car for Minor Child*.

11.      Defendant has failed to pay the student loan debt and it is currently in arrears due to Defendant's failure to pay the same and a current balance of at least $46,789.59 is owed despite such being required under the Agreement, including pursuant to Page 14, *Equitable Division of Property – Debts.*

12.      Prior to the Filing Date, Plaintiff filed her "Application for Contempt Citation" seeking Defendant be held in willful contempt of the Judgment, sanctions be issued against him, and Defendant be ordered to comply with the Judgment and Agreement.  A true and correct copy of the Application for Contempt Citations is attached hereto as **Exhibit "A"** and incorporated

herein.  The Application for Contempt includes a true and correct copy of the Judgment and

Agreement.

## COUNT I
## DECLARATORY JUDGMENT

13.     Plaintiff adopts Paragraphs 1 – 12 of the Complaint herein as if restated verbatim.

14.     Potential or actual controversies exist between the Plaintiff and Defendant

respecting the nature and extent of Defendant's Obligations to the Plaintiff under the Judgment

and Agreement.

15.     Plaintiff is entitled to declaratory relief pursuant to 28 U.S.C. § 2201, determining

and declaring the rights of the parties with respect to the Obligations under the Judgment and

Agreement.

16.     Plaintiff is entitled to a declaratory judgment that all of the Obligations to Plaintiff

under the Judgment and Agreement are not dischargeable in the Debtor's Bankruptcy Case.

## COUNT II
## DISCHARGEABILITY OBJECTION PURSUANT TO 11 U.S.C. §523(a)(5)

17.     Plaintiff adopts Paragraphs 1 – 16 of the Complaint herein as if restated verbatim.

18.     Under Section 523(a)(5), a debt is nondischargeable if it is for a domestic support

obligation. The Bankruptcy Code defines a domestic support obligation as follows:

(14A) The term "domestic support obligation" means a debt that accrues before, on, or
after the date of the order for relief in a case under this title, including interest that
accrues on that debt as provided under applicable nonbankruptcy law notwithstanding
any other provision of this title, that is—

(A) owed to or recoverable by—

(i)     a spouse, former spouse, or child of the debtor or such child's
parent, legal guardian, or responsible relative; or

(ii)     a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance
provided by a governmental unit) of such spouse, former spouse, or child of
the debtor or such child's parent, without regard to whether such debt is
expressly so designated;

(C) established or subject to establishment before, on, or after the date of the
order for relief in a case under this title, by reason of applicable provisions
of—

(i)     a separation agreement, divorce decree, or property settlement
agreement;

(ii)    an order of a court of record;

(iii)   a determination made in accordance with applicable
nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned
voluntarily by the spouse, former spouse, child of the debtor, or such child's
parent, legal guardian, or responsible relative for the purpose of collecting the
debt.

Accordingly, the Obligations are domestic support obligations and are nondischargeable

under 11 U.S.C. § 523(a)(5).

## COUNT III
## DISCHARGEABILITY OBJECTION PURSUANT TO 11 U.S.C. §523(a)(15)

19.    Plaintiff adopts Paragraphs 1 – 18 of the Complaint herein as if restated verbatim.

20.    Alternatively, the Obligations are nondischargeable pursuant to 11 U.S.C. §

523(a)(15). Section 523(a)(15) provides that a debt is nondischargeable if it is a debt owed to:

to a spouse, former spouse, or child of the debtor and not of the kind described in
paragraph (5) that is incurred by the debtor in the course of a divorce or
separation or in connection with a separation agreement, divorce decree or other
order of a court of record, or a determination made in accordance with State or
territorial law by a governmental unit.

Here, the Obligations are nondischargeable under 11 U.S.C. § 523(a)(5), but alternatively, the

Obligations fall within the exception to discharge under 11 U.S.C. § 523(a)(15). The Obligations

are to Defendant's former spouse and were incurred by the Defendant in the course of a divorce and in connection with a divorce decree. Accordingly, the Obligations are nondischargeable under 11 U.S.C. § 523(a)(15).

WHEREFORE, Plaintiff prays for the following relief:

(a)     that a Summons and process be issued in terms at law;

(b)     that the Court enter a Declaratory Judgment pursuant to Count I determining that the Obligations owing to Plaintiff are not dischargeable in this Bankruptcy Case;

(c)     that the Court enter a Judgment against Defendant pursuant to Count II that the remaining Obligations are non-dischargeable and excepted from discharge pursuant to the provisions of Bankruptcy Code § 523;

(d)     that to the extent the Court finds any Obligations are not "domestic support obligations" pursuant to 11 U.S.C. § 523(a)(5), that such Obligations are excepted from discharge pursuant to 11 U.S.C. § 523(a)(15); and

(e)     that Plaintiff be granted such other relief as may be just and proper.

This 24th day of September, 2018.

**JONES & WALDEN, LLC**

/s/ Leslie M. Pineyro
Leslie M. Pineyro
Georgia Bar No. 969800
Attorneys for Plaintiff
21 Eighth Street, NE
Atlanta, GA 30309
(404) 564-9300

# Exhibit "A"

Fulton County Superior Court
***EFILED***LW
Date: 6/1/2018 2:31 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA
## FAMILY DIVISION

JENNIFER SCHALL,                  §
                                  §
        Petitioner,               §
                                  §          CIVIL ACTION
                                  §
            v.                    §          FILE NO. 2010CV180564
                                  §
GEORGE SCHALL                     §
                                  §
        Respondent.               §
                                  §

## APPLICATION FOR CONTEMPT CITATION

COMES NOW JENNIFER SCHALL (hereinafter "Mother" or "Petitioner"), by and through her undersigned counsel of record and pursuant to O.C.G.A. § 15-1-4 and all other applicable Georgia law and files this, her *Application for Contempt Citation* against GEORGE SCHALL (hereinafter "Father" or "Respondent"), and shows the Court as follows:

1.

The parties hereto were formerly Husband and Wife, the marriage between them having been dissolved by the *Final Judgment and Decree of Divorce* ("*Final Judgment*") entered by Judicial Officer Bensonetta Lane in the Superior Court of Fulton County. Said *Final Judgment*, dated June 13, 2012, incorporated the parties' *Settlement Agreement* ("*Agreement*"), dated May 18, 2012. Subsequently, a *Consent Order Amending the Settlement Agreement* ("*Consent Order*") was entered August 13, 2012. A true and correct copy of the *Final Judgment*, the *Agreement* and the *Consent Order* are attached hereto as "Exhibit A", "Exhibit B," and "Exhibit C," respectively.

2.

There is one (1) child born of the marriage, *to wit:* Emma Lorraine Schall, born in 1999; (hereinafter referred to as "the Child" or by name).

3.

Seeking a resolution outside of court that is consistent with the best interests of the Child, Mother delayed filing an Application for Contempt Citation, trying to repeatedly work with Respondent and provide requested time for Respondent to comply with the *Final Judgment* and *Agreement*.

4.

With Father failing to comply with THIS Court's Orders and the parties' *Agreement* and Mother learning that Father does not intend to comply with the same and learning that Father intends to transfer or pledge, as collateral, assets owned by him individually as well as various businesses he controls; Mother herby files her *Application for Contempt Citation.*

5.

Father is subject to the jurisdiction of the Court and venue is proper in this Court.

6.

If service is not acknowledged Father may be served as provided by law.

## **CITATION OF CONTEMPT**

7.

Section 11 of the *Agreement* titled "Equitable Division of Property- Cash Payments to Wife" beginning on page 11, sets forth a schedule for Husband to pay Wife $1,308,000.00. This payment schedule was modified in the *Consent Order*. Father is ordered to make monthly payments of $10,000.00 to Mother, with scheduled lump sum payments of $100,000.00. The payments are to be received by Mother on the 15th of each month until the total amount owed has been paid.

8.

Father failed to make the $100,000.00 lump sum payment due December 31, 2015.

9.

Instead Father elected to only pay $55,000.00.

10.

Father has stopped making the requisite $10,000.00 monthly payments. The last such payment Mother received was November 22, 2017.

11.

Mother shows that Father has willfully, intentionally and habitually violated the *Agreement* by failing or refusing to pay Mother the required amounts.

12.

Mother shows that of the date of this filing Father is $105,000.00 in arrears for the automatic payments.

13.

College Expenses: Pursuant to Sub Section (i), beginning on page 6 of the *Agreement*, Father is obligated to pay the expenses of an undergraduate degree for the Child including but not limited to: tuition, room and board at dormitory rates, student, technology and laboratory fees, and the usual matriculation fees at any college upon which Father and the Child agree upon.

14.

Father and the Child agreed upon Auburn University.

15.

Despite repeated requests, Father failed to pay these expenses.

16.

Father's failure to pay the required expenses has resulted in Mother being required to pay significant sums of money on school-related expenses.

17.

Mother shows that Father has willfully, intentionally and habitually violated the *Agreement*. Due to Father's violation of the *Agreement*, to date, Mother has paid $28,703.45 for school-related expenses for the Child.

18.

Purchase of Car: Pursuant to Sub Section (j) on page 7 of the *Agreement*, Father was required to purchase a car for the Child when she turned 16 years of age.

19.

Father purchased a Jeep for the Child. However, upon information and belief, Mother understands that the title for the vehicle remains in Father's name.

20.

Further, despite repeated requests, Father has failed to provide proof that the vehicle is insured.

21.

Additionally, Mother was recently informed by Father that the vehicle may be repossessed and it was suggested that Mother take over payments for the vehicle.

22.

Mother shows that Father has willfully, intentionally, and habitually violated the *Agreement*, by failing to buy the Child a car.

23.

Equitable Division of Property - Debts: Pursuant to Section 15, beginning on page 15 of the *Agreement*, "[Father] was to pay and satisfy the student loan debt maintained in [Mother's] individual name as his is able to do so, so long as all minimum payment requirements are met . . ."

24.

Student loan debt in Mother's name is presently in arrears and a current balance of $46,789.59 is owed.

25.

Mother shows that Father has willfully, intentionally, and habitually violated the *Agreement* by failing to make the required loan payments on student loan debt in Mother's name.

26.

For the aforementioned reasons, Father should be held in willful contempt of this Court's *Final Judgment* and he should be sanctioned for same.

27.

The Court should exercise its punitive/criminal and/or civil contempt powers to sanction Father for such willful contempt.

28.

Mother reserves the right to amend this *Application for Contempt Citation* to include additional counts, if necessary.

29.

Mother has incurred attorney's fees and litigation expenses in bringing the instant action and requests that her reasonable and necessary attorney fees and expenses of litigation be cast upon Father.

**WHEREFORE**, Mother respectfully requests that:

a.  Father be served with a copy of this *Application for Contempt Citation*;

b.  The Court issue a *Rule Nisi* requiring Father to appear and show cause why he should not be held in contempt;

c.  The Court find Father in willful contempt of the *Final Judgment and Decree*;

d.  The Court Sanction Father for his willful contempt;

e.  The Court Order Father to immediately pay Mother the automatic payment arrearage of $105,000.00

f.  The Court Order Father to immediately reimburse Mother for the Child's college expenses in the amount of $28,703.45.

g.  The Court Order Father to comply with provisions requiring that Father purchase a car for the Child.

h.  The Court Order Father to immediately satisfy the arrearage of $46,789.59 owed on student loans in Mother's name.

i.  Father be held responsible for Mother's attorneys' fees and expenses of litigation which she incurred as a result of bringing this action; and

j.  The Court award any and all additional relief as it may deem equitable and just.

Respectfully submitted this _1st_ day of _June_, 2018

Wayne A. Morrison, Esq.
Georgia Bar Number: 526375

**Kessler & Solomiany, LLC**
Attorneys for Petitioner
Centennial Tower
101 Marietta Street, Suite 3500
Atlanta, Georgia 30303
(404) 688-8810
wmorrison@ksfamilylaw.com

<u>VERIFICATION</u>

PERSONALLY appeared, **JENNIFER SCHALL**, Affiant, before the undersigned attesting officer authorized by law to administer oaths, and who, after first being duly sworn, deposes and states that the facts contained in the within and foregoing pleading are true and correct to the best of Affiant's personal knowledge and belief.

Verified by:

_Jennifer Schall_
Printed name of Affiant

_____
Signature of Affiant

Sworn to and subscribed
Before me this ____ day
Of _June_ , 2018.

_____
Notary Public
My Commission Expires:



## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

GEORGE L. SCHALL, JR.,     )
                 )
     Petitioner,     )
                 )     CIVIL ACTION
vs.               )
                 )     FILE NO. 2010CV180564
JENNIFER HOTZ SCHALL,     )
                 )
     Respondent.     )

FILED IN OFFICE

JUN 1 3 2012

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### FINAL JUDGMENT AND DECREE

Upon consideration of this case, upon evidence submitted as provided by law, it is the judgment of the Court that a total divorce be granted, that is to say, a divorce a *vinculo matrimonii*, between the parties to the above stated case upon legal principles.

It is considered, ordered, and decreed by the Court that the marriage contract heretofore entered into between the parties to this case, from and after this date, be and is set aside and dissolved as fully and effectively as if no such contract had ever been made or entered into.

Petitioner and Respondent in the future shall be held and considered as separate and distinct persons altogether unconnected by any nuptial union or civil contract whatsoever and both shall have the right to marry.

The Settlement Agreement between the parties filed with this Court on May 18, 2012, is hereby approved and made a part of this Final Judgment and Decree of Divorce as if fully set forth herein.

George L. Schall, Jr. v. Jennifer Hotz Schall
Superior Court of Fulton County
Civil Action File No. 2010CV180564
*Final Judgment and Decree*

Page 1 of 2



EXHIBIT
A

The PARENTING PLAN and CHILD SUPPORT ADDENDUM (with the attached Child Support Worksheet) executed by the parties and presented to this Court in conjunction with the Final Judgment and Decree of Divorce is hereby approved and made a part of this Final Judgment and Decree of Divorce as if fully set forth herein.

Petitioner shall attend the Families in Transition Seminar on within 30 days of this Court's Final Order.

The parties are ORDERED and directed to comply with each and every provision of said Agreement and Parenting Plan.

SO ORDERED, this _13_ day of _June_, 2012.

HONORABLE BENSONETTA TIPTON LANE
SUPERIOR COURT OF FORSYTH COUNTY

Submitted by:                                    Consented to by:

BOYD COLLAR NOLEN & TUGGLE, LLC.                 MERIWETHER & THARP

JOHN L. COLLAR, JR.                              ROBERT L. THARP          by JLC
Georgia Bar No. 178040                           Georgia Bar No. 703240   w/ express
ANDREA B. SELISKI                                Attorney for Respondent  permission.
Georgia Bar No. 350805                           11475 Great Oaks Way
Attorneys for Petitioner                         Suite 125
3330 Cumberland Boulevard, Suite 999             Alpharetta, Georgia 30022
Atlanta, Georgia 30339                           (678) 879-9000 Telephone
(770) 953-4300  Telephone                        (678) 879-9001 Facsimile
(770) 953-4700  Facsimile                        btharp@mtlawoffice.com
jcollar@bcntlaw.com
aseliski@bcntlaw.com

George L. Schall, Jr. v. Jennifer Hotz Schall
Superior Court of Fulton County
Civil Action File No. 2010CV180564
*Final Judgment and Decree*

Page 2 of 2

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

MAY 1 8 2012

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

GEORGE L. SCHALL, JR.,                          )
              Plaintiff,                        )
                                                )        CIVIL ACTION
vs.                                             )
                                                )        FILE NO. 2010CV180564
JENNIFER HOTZ SCHALL,                           )
                                                )
              Defendant.                        )

SETTLEMENT AGREEMENT

THIS AGREEMENT is made effective this 18th day of May, 2012, by and between GEORGE L. SCHALL, JR. (hereinafter referred to as the "Husband") and JENNIFER HOTZ SCHALL (hereinafter referred to as the "Wife").

WITNESSETH:

WHEREAS, Husband and Wife were married in due form on or about July 31, 2000; and

WHEREAS, the parties are living in a bona fide state of separation; and

WHEREAS, one (1) minor child has been born of this marriage, to-wit: EMMA LORRAINE SCHALL, born May 9, 1999 (hereinafter referred to individually as "Child");

WHEREAS, irreconcilable differences have arisen between the parties; and

WHEREAS, Husband and Wife desire to settle all matters of alimony, custody, child support, equitable division of property, attorney's fees, and all other claims each may have against the other arising from the marital relationship;

WHEREAS, each party is acting freely and voluntarily, under no compulsion or duress, and in consideration of the present income, earning capacity, and financial circumstances of each party;


Wife


Husband


EXHIBIT
B

NOW, THEREFORE, for good and valuable consideration, and in consideration of the mutual promises and benefits to be obtained by each of the parties hereto as a result of this Agreement, the receipt and sufficiency of which is hereby acknowledged, both of the parties do agree as follows:

### FREEDOM FROM INTERFERENCE

Husband and Wife shall continue to live separate and apart, and each shall be free from the interference, molestation, authority, control, either direct or indirect, of the other, except as may expressly be provided for in this Agreement. Without regard to the other provisions hereof, each may reside at such a place as he or she may select, and each may, for his or her own separate use and benefit, engage in any employment, business, or profession which he or she may deem advisable free from interference by the other.

### CHILD CUSTODY & PARENTING PLAN

The parties have entered into a comprehensive Parenting Plan which meets the requirements set forth by O.C.G.A. § 19-9-1. A copy of the Parenting Plan is attached hereto as Exhibit "A" and specifically incorporated herein by this reference.

### CHILD SUPPORT

(a)    Child support is being established in this case for one (1) child. The parties agree to set child support as calculated by the Child Support Worksheet filed with the Court. A copy

Wife

Husband

Settlement Agreement
*George L. Schall, Jr. v. Jennifer Hotz Schall*
Civil Action File No. 2010CV180564
Page 2 of 20

of the Child Support Worksheet is attached as Exhibits "B". Child support is based upon the current monthly gross income of $39,507.00 for Husband and imputed gross monthly income of $2,500.00 for Wife.

(b)    <u>Child Support</u>: Husband and Wife agree that, in addition to Husband's obligation to pay for the minor child's private school expenses and extracurricular activities, which are more specifically set forth below, Husband will pay the sum of $2,000.00 per month to Wife for the support and maintenance of the minor Child beginning April 1, 2012 and continuing on the 1st day of each month thereafter except, Husband and Wife specifically agree that Husband's $2,000.00 per month child support obligation for May, June, July and August, 2012 (four (4) months x $2,000.00 = $8,000.00) will not be paid by Husband but will be added to Husband's equitable division of property payment which is more specifically set forth in Paragraph 11, below.  Beginning September 1, 2012 and continuing on the first (1st) day of each month thereafter, Husband shall resume paying to Wife $2,000.00 per month as child support for the support and maintenance of the minor Child until the minor child attains the age of eighteen (18), dies, marries, enters the armed forces, becomes emancipated, or becomes self-supporting, whichever event first occurs.  In the event the minor child reaches the age of eighteen (18) prior to graduation from high school, and is enrolled in and attending high school on a full-time basis, the aforesaid child support payments shall continue through and including the month during which said child graduates from high school, but not past age twenty (20), at the above child support payment amounts.

(c)    <u>Health Insurance Coverage for Children</u>: It is agreed that Husband shall maintain


Wife

Husband

and pay the premiums for health and hospitalization insurance for the benefit of the minor Child for so long as the minor Child is eligible to be insured under Husband's policy whether individually or through his employment. Husband is to maintain an insurance policy that that provides comparable coverage as provided under the current policy. . Husband shall provide copies of all materials for the minor Child's health and hospitalization insurance, including but not limited to insurance cards and benefit booklets, to Wife within fifteen (15) days of his receipt of same.

(d)    Minor Child's Uncovered Medical Expenses:  Husband and Wife agree that Husband shall pay fifty percent (50%) and Wife shall pay fifty percent (50%) of any and all other reasonable and necessary uncovered medically-related expenses (including but not limited to medical, prescription drugs, psychological, dental, orthodontia and vision expenses), which are not payable by the insurance. This obligation shall terminate for the minor child when she graduates from high school or reaches the age of twenty (20), whichever occurs first. The party incurring an uncovered medically-related expense for the minor child shall provide documentation of same to the other party within twenty (20) days of incurring said expense. The other (non-incurring) party shall reimburse the party incurring the expense for his or her share of same within twenty (20) days of receiving the expense receipts from the incurring party.

(e)    No Income Deduction Order: The parties agree that Husband's child support obligation as contained in this paragraph shall not be paid at this time via an income deduction order pursuant to O.C.G.A. § 19-6-32(a)(1).

(f)    Private School Expenses.  In addition to the foregoing, Husband shall pay the

JS
Wife

Husband

costs for the minor Child to attend private school at St. Francis School. For purposes of this provision, the private school costs shall include tuition, required school fees, books, uniforms, activity fees and other costs required and billed directly by the school. This portion of the Agreement is valid for the years that the minor Child attends private school through 12th grade but, in any event, not beyond the time the minor Child reaches the age of twenty (20) years.

(g)    Extracurricular Activities/Horseback Riding Expenses:    Beginning  April  1, 2012 and continuing each month thereafter, Husband shall pay a monthly sum not to exceed Two Thousand and no/100 Dollars ($2,000.00) per month, a total not to exceed $24,000.00 annually, towards all expenses related solely and limited to the minor Child's horse, horse care, and the activities of horseback riding. This sum is to be utilized for all such expenses including but not limited to stable, veterinarian charges, insurance, food, transportation, lessons, horse show fees, helmets, riding boots, or riding clothes. In no event shall Husband's obligation towards any of the aforementioned expenses relating to the minor Child's horse or horseback riding activity exceed Two Thousand Dollars ($2,000.00) per month. Wife shall ensure that Husband continues to be invoiced directly for said horseback riding expenses for the minor Child. If Wife provides Husband with a receipt for extracurricular expenses that cannot be billed directly to Husband, Husband agrees to reimburse Wife directly, subject to the above monthly financial cap. In no event shall Husband be obligated to pay any part of Wife's horseback riding expenses.

Husband's obligation to pay for the minor Child's horseback riding expenses shall continue until the minor Child is no longer involved in the horseback riding activity, graduates from high school, dies, marries, enters the United States Armed Forces, becomes fully self-

Wife

Husband

supporting or otherwise emancipated, or reaches the age of eighteen (18) years whichever shall first occur.

(h)   <u>Failure to Make Payments</u>.   Whenever, in violation of the terms of this Agreement, there shall have been a failure to make the support payments due hereunder so that the amount unpaid is equal to or greater than the amount payable for one month, the payments required to be made may be collected by the process of continuing garnishment for support as provided by O.C.G.A. § 19-6-30.

(i)   <u>Payment of College Education Expenses</u>:   Husband agrees to pay the expenses of a college education through a regular undergraduate degree for the minor Child until the minor Child dies, marries, reaches the age of twenty-three (23) years, or she completes the requirements for an undergraduate degree, whichever first occurs.  College education expenses are defined as tuition, room and board at dormitory rates, student, technology and laboratory fees, and the usual matriculation fees at any college upon which the Husband and the minor Child agree upon; provided, however, that in the event Husband and the minor Child cannot agree as to choice of school, Husband's obligation to pay college expenses as defined herein shall not exceed the expenses of the minor Child attending at the University of Georgia in Athens as an undergraduate student.  Husband's obligation is contingent on the minor Child attending college as a full time student (excluding the summer session) and maintaining an overall "C" average.  Further, "college" shall include any college or university and any professional, business and technical schools but excludes postgraduate education.

Husband's obligation to pay college education expenses, as contained in this Agreement,

Wife

Husband

shall be considered post-majority child support; however, the parties expressly agree that Husband's post-majority child support obligations regarding the payment of college education expenses can be modified by the Husband in a court of competent jurisdiction using the same factors and standards which presently govern the modification of pre-majority child support obligations in Georgia (O.C.G.A. §19-6-15 *et seq.*).

(j)     Purchase of Car For Minor Child:    Husband agrees to purchase a car for the minor Child when she turns sixteen (16) years of age as he and the minor Child agree upon. Wife shall have no financial obligation toward the purchase of said automobile.

(k)     Dependency Exemption:      Beginning with calendar year 2011 and continuing each year thereafter, Husband shall be entitled to claim the minor Child, Emma Schall, as a dependency exemption on his income tax returns.  In that regard, Wife hereby waives and relinquishes her right to the dependency exemption for Emma Schall for tax purposes.  This provision is intended to serve as a written declaration that Husband may attach to his tax returns evidencing his entitlement to this exemption.  However, if necessary, Wife shall promptly sign, upon request, any further written declarations presented to her by Husband or his accountant which may be required as an attachment to his income tax returns.


## ALIMONY

There will be no alimony paid to either party.  Each party waives and forever relinquishes his or her right to receive alimony, of any kind or nature, from the other.


Wife

Husband

<u>KEY SCHALL, INC., LORRAINE HOLDINGS, LLC AND GLS FINANCIAL</u>

Husband shall retain free and clear of any further claim or interest of Wife 100% of his ownership interest in Key Schall, Inc., Lorraine Holdings, LLC and GLS Financial, Inc., including all assets maintained in the operation of each respective entity. Further Husband shall be solely responsible for any and all indebtedness and liability associated with each of the aforementioned entities and he shall indemnify and hold Wife harmless for same.

<u>EQUITABLE DIVISION OF REAL PROPERTY</u>

<u>Marital Home</u>.    The residence located at 805 Lakemist Cove, Alpharetta, Georgia (the "Marital Home"), is currently titled in individual name of Husband.    The parties acknowledge the Marital Home is currently encumbered by a first mortgage and an equity line of credit. Husband shall continue to have exclusive possession and use of the Marital Home. As equitable division of property, Wife hereby transfers to Husband all her right, title, and interest in the Marital Home. In that regard, Wife shall execute a Quit Claim Deed to Husband, prepared by Husband's counsel and subject to reasonable review by Wife's counsel, within ninety (90) days of its presentation.

Husband shall be responsible for, and shall pay when due, all obligations and expenses in any way related to the Marital Home including but not limited to the mortgage indebtedness, equity line, taxes, insurance, repairs, maintenance and utilities. Husband shall indemnify and hold Wife harmless from all expenses, debts, costs, claims, causes of action, and liability of any nature whatsoever arising out of or related to the Marital Home, including Husband's possession and

Wife

Husband

Settlement Agreement
*George L. Schall, Jr. v. Jennifer Hatz Schall*
Civil Action File No. 2010CV180564
Page 8 of 20

use thereof.

Husband shall be entitled to receive the benefit of all tax deductions related to the Marital Home for the year 2011, 2012 and each year thereafter.

The parties shall cooperate and sign all documents necessary to transfer any and all utilities, insurance, and/or escrowed payment accounts (i.e., property taxes) associated with the Marital Home into Husband's name only. Husband shall be entitled to receive any and all security deposits, escrow funds, etc., associated with the Marital Home.

## EQUITABLE DIVISION OF BANK ACCOUNTS

Wife shall have and retain free and clear of any further claim or interest of Husband or his estate all bank accounts, money market accounts, savings accounts, investments accounts, and securities of every nature owned and maintained by Wife individually. Husband shall have and retain free and clear of any further claim or interest of Wife or her estate all bank accounts, money market accounts, savings accounts, investments accounts, and securities of every nature owned and maintained by Husband individually.

## EQUITABLE DIVISION OF PERSONAL PROPERTY

(a)    Both Husband and Wife shall have all their personal effects, papers, clothing, jewelry, and any and all personal articles, regardless of where such articles are located.

(b)    All family photo albums and videotapes, whether stored electronically or otherwise, will be duplicated and each party will receive a set of each. The parties will equally

Wife

Husband

divide (50/50) any costs associated with same.

(c)    The parties shall equitably divide all marital furniture and furnishings (including but not limited to furniture and furnishing located in the marital residence, apartments and storage facilitiessuch that the division is as close to being equal in value as possible. If the parties are not able to equitably divide the furniture and furnishings in an equal manner, they agree to submit any disputed items to binding arbitration with Jim Holmes, Esq., whose decision shall be binding on the parties. Any costs associated with utilizing Jim Holmes will be equally divided between the parties.

9.

EQUITABLE DIVISION OF VEHICLES, TRAILERS, BOATS AND WATERCRAFT

(a)    Husband shall have exclusive use, title and possession of any automobiles, trailers, boats and watercraft in his possession subject to any indebtedness thereon. Wife hereby transfers, assigns, conveys, and quitclaims to Husband any right, title, and interest she may have in said automobiles, trailers, boats and watercraft. Husband shall be solely responsible for and timely pay all expenses for said automobiles, trailers, boats and watercraft, including but not limited to all loan and lease payments, insurance, taxes, tags, repairs and maintenance, and insurance. Husband shall indemnify and hold Wife harmless from all expenses, debts, claims, or liability of any nature whatsoever with respect to said vehicles.

(b)    Wife shall have exclusive use, title and possession of any automobiles in her name subject to any indebtedness thereon free and clear of any further claim or interest of Husband. Husband hereby transfers, assigns, conveys, and quitclaims to Wife any right, title,

Wife

Husband

and interest she may have in said automobile(s).  Wife shall be solely responsible for and timely

pay all expenses for said automobile(s), including but not limited to all loan and lease payments,

insurance, taxes, tags, repairs and maintenance, and insurance.  Wife shall indemnify and hold

Husband harmless from all expenses, debts, claims, or liability of any nature whatsoever with

respect to said automobile(s).

      (c)    Any insurance premiums paid as of the date of this Agreement shall be

transferred to the respective automobiles, trailers, boats and watercraft which are retained by the

owner of same.

10.

EQUITABLE DIVISION OF HORSES

As further equitable division of property, Wife shall retain free and clear of any further

claim or interest of Husband her horse and the horse purchased for the minor Child,

named "Toby".  Wife shall be solely responsible for the payment of any expenses associated

with her horse and any expenses associated with the minor Child's horse, Toby, which are not

covered by the amount Husband pays pursuant to Paragraph 3(g), above.

11.

EQUITABLE DIVISION OF PROPERTY- CASH PAYMENTS TO WIFE

Husband shall pay to Wife the sum of One Million Three Hundred Eight Thousand and

no/100 Dollars ($1,308,000.00)[1] pursuant to the following schedule.

Husband shall pay to Wife the sum of $10,000.00 on April 1, 2012; thereafter,

---

[1] Of the total amount to be paid by Husband to Wife, the sum of Eight Thousand Dollars ($8,000.00) represents Husband's $2,000.00 per month child support obligation for May, June, July and August 2012; 4 months x $2,000.00 per month = $8,000.00).

Wife

Husband

Husband shall pay to Wife the sum of $50,000.00 on May 15, 2012, June 15, 2012, July 15, 2012 and August 15, 2012, a total of Two Hundred Thousand and no/100 dollars ($200,000.00).

Beginning September 15, 2012 and continuing on the fifteenth (15th) day of each month thereafter through and including December 15, 2012, Husband shall pay to Wife the sum of $10,000.00 per month.  In addition to the aforementioned monthly payments, Husband shall pay to Wife the sum of One Hundred Thousand and no/100 dollars ($100,000.00) on or before December 31, 2014; thereafter;

Beginning January 15, 2015 and continuing on the fifteenth (15th) day of each month thereafter through and including December 15, 2015, Husband shall continue to pay to Wife the sum of Ten Thousand and no/100 dollars ($10,000.00) per month.  In addition to the aforementioned monthly payments, Husband shall pay to Wife the sum of One Hundred Thousand and no/100 dollars ($100,000.00) on or before December 31, 2015; thereafter,

As of December 31, 2015, assuming Husband has made all of the preceding payments, he will have paid Wife the total sum of Eight Hundred Ten Thousand and 00/100 Dollars ($810,000.00), leaving a remaining balance due and owing by Husband to Wife in the amount of Four Hundred Ninety-eight Thousand and no/100 Dollars ($498,000.00) ($1,308,000.00 - $810,000.00 = $498,000.00), which shall be paid to Wife at the rate of $10,000.00 per month beginning January 15, 2016 and continuing on the fifteenth (15th) day of each month thereafter until the amount ($498,000.00) is fully satisfied.

All payments contained in this Paragraph by Husband to Wife are in the nature of equitable division of property and shall not be taxable to Wife nor deductible by Husband for income tax

JS
Wife

Husband

purposes.

12.

## TAX INDEMNIFICATION

In the event the federal or any state government assesses any additional income taxes, penalties, or interest on any tax return filed jointly by the parties as a result of the failure of either party to report any income, or as a result of a deduction or credit having been improperly claimed by either party, on any tax return filed jointly by the parties, the party that failed to report or under reported the income in question or who claimed the improper deduction or credit shall pay when due any income taxes, penalties, and/or interest attributable thereto and shall indemnify and hold the other party harmless with respect thereto.

In the event the federal or any state government assesses any additional income tax, penalties, or interest as a result of a mathematical error on any tax returns filed jointly by the parties, the parties shall each pay one-half of the taxes, penalties, and/or interest that result therefrom and each shall indemnify and hold harmless the other with respect thereon.

In the event the parties agree to file joint income tax returns for 2011, Husband shall be responsible for any liability associated with said returns and he shall indemnify and hold Wife harmless for same. Further, if said returns generate a refund, Husband shall be entitled to 100% of said refunds free and clear of any further claim or interest of Wife. If the parties agree to file joint income tax returns for 2011, the parties will cooperate with one another in providing their income tax information and documentation promptly so the returns can be prepared timely.

13.

Wife

Husband

Settlement Agreement
*George L. Schall, Jr. v. Jennifer Hotz Schall*
Civil Action File No. 2010CV180564
Page 13 of 20

## EQUITABLE DIVISION OF OTHER PROPERTY

Except as otherwise provided in this Agreement, Husband shall have all rights to and ownership of all bank accounts, stock accounts, retirement accounts, tangible personal property, and all other property of any kind, presently titled in his name or in his possession.

Except as otherwise provided in this Agreement, Wife shall have all rights to and ownership of all bank accounts, stock accounts, retirement accounts, tangible personal property, and all other property of any kind, presently titled in her name or in her possession.

14.

## OTHER INSURANCE

Each party acknowledges that he or she shall be solely responsible for the procurement, maintenance, and payment of his or her own medical, dental, automobile, homeowners and other insurance coverage as well as deductibles, co-payments and other out of pocket expenses associated with said insurance effective at least thirty (30) days following the entry of the Final Judgment and Decree of Divorce and that neither party shall have any claims against the other party respecting the procurement, maintenance and payment of insurance or the naming of beneficiaries respecting said insurance coverage.

15.

## EQUITABLE DIVISION OF PROPERTY - DEBTS

Husband shall pay and satisfy the student loan debt maintained in Wife's individual name as he is able to do so, so long as all minimum payment requirements are met and he agrees to indemnify and hold Wife harmless for said debt. Except as otherwise provided herein, Husband


Wife

Husband

shall be responsible for and timely pay all debts in his name or incurred by him and shall indemnify and hold Wife harmless from all claims, expenses, causes of action, or liability of any nature whatsoever with respect to such debts.

Except as otherwise provided herein, Wife shall be responsible for and shall timely pay all debts in her name or incurred by her and shall indemnify and hold Husband harmless from all claims, expenses, causes of action, or liability of any nature whatsoever with respect to such debts.

16.

<u>LEGAL REPRESENTATION</u>

(a)    Both Parties enter into this Agreement freely and voluntarily and under no compulsion or duress.  Both Parties acknowledge that they have read this entire Agreement and that they assent to all the terms hereof.

(b)    Both Parties acknowledge and understand that the Husband is represented by Boyd Collar Nolen & Tuggle, LLC of Atlanta, Georgia.  Husband's attorney did not in any manner advise or represent the interests of Wife in this matter.

(c)    Both Parties acknowledge and understand that Wife is represented by Meriwether & Tharp, LLC of Alpharetta, Georgia.  Wife's attorney did not in any manner advise or represent the interests of Husband in this matter.

(d)    The attorneys for the parties do not hold themselves out as being experts in tax related matters and have, therefore, recommended that the parties consult with tax specialists regarding the potential tax consequences of this Agreement.  By execution hereof, the parties hereby acknowledge such recommendation and confirm that they have sought and obtained

Wife

Husband

Settlement Agreement
*George L. Schall, Jr. v. Jennifer Hotz Schall*
Civil Action File No. 2010CV180564
Page 15 of 20

advice with regard to such tax matters, and each party is satisfied with the tax consequences which may affect him or her by the execution of this Agreement.

17.

## ATTORNEY'S FEES

Husband agrees to pay to Meriwether & Tharp, LLC the sum of Forty Thousand Dollars ($40,000) in increments of $5,000.00 per month beginning September 1, 2012 and continuing on the 1st day of each month thereafter until satisfied. Except for the foregoing payment, each party shall pay his or her own attorney's fees, and each party waives the right to seek from the other the payment of any legal fees.

18.

## PERFORMANCE

The failure of either Husband or Wife to insist upon strict performance of any provision of this Agreement shall not be construed to be a waiver of any subsequent default or performance of the same or similar nature.

19.

## RELEASE

Except for the rights and claims for which this Agreement provides, each party releases and forever discharges the other from any and all actions, suits, debts, claims, demands, and obligations whatsoever, both in law and equity, which each of them ever had, now has, or may hereafter have against the other upon or by reason of any matter, cause, or thing from the beginning of time up to the date of the execution of this Agreement. Except as provided in this

Wife

Husband

Agreement, each party hereby waives and releases any and all marital rights and claims, including alimony, division of property and debts, dower, curtesy, year's support, and any rights of inheritance pursuant to the laws of intestacy, which rights and claims each party may now have against the other, or the estate of the other, by reason of the marriage of the parties. Except as provided in this Agreement, each party hereby releases and relinquishes any and all rights he or she may have under the present or future laws of any jurisdiction to share in the estate of the other party or to be appointed as executor or administrator of the other party's estate.

20.

<u>DISCOVERY</u>

In entering this Agreement, each party expressly acknowledges and understands his or her rights under the Georgia Civil Practice Act to conduct further formal discovery, investigation, and analysis of matters including the assets, liabilities, and income of the other party. Each party knowingly and voluntarily elects to forego and waive such further formal discovery and accepts the provisions of this Agreement on the basis of information acquired formally and informally through discovery to date, without completing any further formal discovery.

21.

<u>DISCLOSURE</u>

Husband and Wife represent that they have disclosed to one another, during the course of the negotiations and in formal discovery, any and all marital assets and liabilities owned or owed at the time of execution of this Agreement. Each spouse is entitled and expected to rely on these

<u>Wife</u>

<u>Husband</u>

warranties and representations as a basis for agreeing to the terms of this Agreement. Both parties agree that all questions regarding income, assets, and liabilities owned or owed by either party have been asked and answered to each party's satisfaction and the answers were truthful.

22.

## FULL SETTLEMENT

Each party acknowledges that this Agreement is fair and equitable and that it is being entered into voluntarily and that this Agreement is not executed by either party as a result of any duress or undue influence. Each party has read this Agreement and understands all provision contained herein.

23.

## SOLE AGREEMENT

This Agreement is the only agreement between the parties and supersedes any and all verbal understandings or other agreements previously entered into between the parties.

24.

## GOVERNING LAW

All matters affecting the interpretation of this Agreement and the rights of the parties hereto are governed by the laws of the State of Georgia.

25.

## PARTIAL INVALIDITY

In the event any provision of this Agreement shall be declared invalid or void by any court, such declaration shall not invalidate the entire Agreement, and all other provisions of this

Wife

Husband

Agreement shall remain in full force and effect.

## 26.

### PENDING DIVORCE PROCEEDING

A suit for divorce has been filed in the Superior Court of Fulton County. This Agreement shall be presented to the Court and incorporated by reference into a Final Judgment or Decree of Divorce from such Court. Notwithstanding such incorporation, this Agreement shall survive and be enforceable independently of the Judgment or Decree.

## 27.

### EXECUTION OF DOCUMENTS

Both parties hereto shall execute without delay all documents, perform all acts, and do all things necessary to transfer any of the assets, or to effectuate any of the provisions and conditions set forth herein.

IN WITNESS WHEREOF, the Parties have hereunto affixed their respective hands and seals, this _____ day of _____, 2012.

TIFFANY HOPE DUCKETT
Notary Public, Georgia
Bartow County
My Commission Expires
April 10, 2016

GEORGE L. SCHALL, JR. ("Husband")

Sworn to and subscribed before me this 10 day of May, 2012.

Notary Public

Wife

Husband

Settlement Agreement
*George L. Schall, Jr. v. Jennifer Hotz Schall*
Civil Action File No. 2010CV180564
Page 19 of 20

JENNIFER HOTZ SCHALL ("Wife")

Sworn to and subscribed
before me this 18th day
of May , 2012.

Notary Public

Wife

Husband



FILED IN OFFICE

AUG 1 3 2012

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA
FAMILY DIVISION

GEORGE L. SCHALL, JR.,          §
                                §
          PLAINTIFF,            §
                                §    CIVIL ACTION FILE NO. 2010CV180564
VS.                             §
                                §
JENNIFER HOTZ SCHALL,           §
                                §
          DEFENDANT.            §
_____ §

## CONSENT ORDER AMENDING THE SETTLEMENT AGREEMENT

COME NOW, George L. Schall, Plaintiff and Jennifer Hotz Schall, Defendant in the
above-styled matter, by and through their undersigned counsel, and enter into this
Consent Order Amending their original Settlement Agreement originally filed on May 18,
2012, due to a scrivener's error and show the Court as follows:

1. Plaintiff and Defendant re-assert and re-allege paragraphs 1-10 and
   paragraphs 12-27 in their Settlement Agreement.

2. The Plaintiff and Defendant amend Paragraph eleven (11) of their Settlement
   Agreement to read as follows:

   11. "EQUITABLE DIVISION OF PROPERTY – CASH PAYMENTS TO WIFE

   Husband shall pay to Wife the sum of One Million Three Hundred Eight
   Thousand and no/100 Dollars ($1,308,000.00)[1] pursuant to the following
   schedule.

   Husband shall pay to Wife the sum of $10,000.00 on April 1, 2012;
   thereafter,

---

[1] Of the total amount to be paid by Husband to Wife, the sum of Eight Thousand Dollars ($8,000.00) represents
Husband's $2,000.00 per month child support obligation for May, June, July and August 2012; 4 months x
$2,000.00 per month = $8,000.00.



EXHIBIT
C



Opt-Out: +

Husband shall pay to Wife the sum of $50,000.00 on May 15, 2012, June 15, 2012, July 15, 2012 and August 15, 2012, a total of Two Hundred Thousand and no/100 dollars ($200,000.00).

Beginning September 15, 2012 and continuing the fifteenth (15th) day of each month thereafter through and including **December 15, 2014**, Husband shall pay to Wife the sum of $10,000.00 per month. In addition to the aforementioned monthly payments, Husband shall pay to Wife the sum of One Hundred Thousand and no/100 dollars ($100,000.00) on or before December 31, 2014; thereafter;

Beginning January 15, 2015 and continuing on the fifteenth (15th) day of each month thereafter through and including December 15, 2015, Husband shall continue to pay to Wife the sum of Ten Thousand and no/100 dollars ($10,000.00) per month. In addition to the aforementioned monthly payments, Husband shall pay to Wife the sum of One Hundred Thousand an no/100 dollars ($100,000.00) on or before December 31, 2015; thereafter,

As of December 31, 2015, assuming Husband has made all of the preceding payments, he will have paid Wife the total sum of Eight Hundred Ten Thousand and 00/100 Dollars ($810,000.00), leaving a remaining balance due and owing by Husband to Wife in the amount of Four Hundred Ninety-eight Thousand and no/100 Dollars ($498,000.00) ($1,308,000.00 - $810,000.00 = $498,000.00), which shall be paid to Wife at the rate of $10,000.00 per month beginning January 15, 2016 and continuing on the

minimalOpt-Out: +

fifteenth (15th) day of each month thereafter until the amount ($498,000.00) is

fully satisfied.

    All payments contained in this Paragraph by Husband to Wife are in the

nature of equitable division of property and shall not be taxable to Wife nor

deductible by Husband for income tax purposes."

    Apart from the foregoing amendment, the original Settlement Agreement remains

unchanged.

    SO ORDERED, this _13_ day of _August_, 2012.

                  Honorable Bensonetta Tipton Lane
                  Superior Court of Fulton County

Prepare and Submitted by:

Robert L. Tharp
Georgia Bar No. 703240
Meriwether & Tharp LLC
11475 Great Oaks Way – Ste. 125
Alpharetta, Georgia 30022
(678) 879-9000 / (678) 879-9001 (fax)
btharp@mtlawoffice.com

Jennifer Hotz Schall

Sworn to and subscribed before
me this 31st day of July, 2012

Notary Public

Consented to by:

John L. Collar, Jr.
Georgia Bar No. 178040
Boyd Collar Nolen & Tuggle, LLC
3330 Cumberland Blvd. – Ste. 999
Atlanta, Georgia 30022
(770) 953-4300 / (770) 953-4700 (fax)
jcollar@bcntlaw.com

George L. Schall, Jr.

Sworn to and subscribed before
me this 23 day of July, 2012

Notary Public

Opt-Out: +